

**CORPORATE CREATIONS°**
Registered Agent • Director • Incorporation

Corporate Creations Network Inc.
80 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410

May 30, 2014

CSX Transportation, Inc.
Jennifer A. Wiggins  Litigation Paralegal
CSX Corporation
500 Water Street, C160
JACKSONVILLE  FL  32202

# SERVICE OF PROCESS NOTICE

The following is a summary of the enclosed legal document(s) that we received.

**Note: Any questions regarding the substance of the matter described below, including the status or to whom or where to respond, should be directed to the person set forth in line 12 below or to the court or government agency where the matter is being heard.**

Item: 2014-1151

| | | |
|---|---|---|
| 1. | Client Entity: | CSX Transportation, Inc. |
| 2. | Title of Action: | Bernard Werwie vs. CSX Corporation, et al. |
| 3. | Document(s) Served: | Summons<br>Complaint |
| | Court/Agency: | City of Fredericksburg Circuit Court |
| | State Served: | Virginia |
| 6. | Case Number: | CL14-365 |
| 7. | Case Type: | Ordinary Negligence |
| 8. | Method of Service: | Hand Delivered |
| 9. | Date Received: | Thursday  5/29/2014 |
| 10. | Date to Client: | Friday  5/30/2014 |
| 11. | # Days When Answer Due: 21<br>Answer Due Date: 06/19/14 | CAUTION: Client is solely responsible for reviewing service of process to verify accuracy of Answer Due Date. |
| 12. | SOP Sender: | Michael A. Perdue |
| | (Name, Address and Phone Number) | Richmond, VA<br>(804) 330-9220 |
| 13. | Shipped to Client By: | Email Only with PDF Link |
| 14. | Tracking Number: | |
| 15. | Notes: | None. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410   Tel: (561) 694-8107   Fax: (561) 694-1620
www.CorporateCreations.com

EXHIBIT

A

# COMMONWEALTH OF VIRGINIA



## FREDERICKSBURG CIRCUIT COURT
Civil Division
815 PRINCESS ANNE STREET
FREDERICKSBURG  VA  22401
(540) 372-1066

Summons

To: CORPORATE CREATIONS
NETWORK, INC.
4445 CORPORATION LANE
2ND FLOOR
VIRGINIA BEACH VA 23462

Case No. 630CL14000365-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Thursday, April 24, 2014

Clerk of Court: JEFF SMALL

by _____Jenna Ferguson, D.C._____
(CLERK/DEPUTY CLERK)

Instructions:     PLEASE SEE THE ATTACHED COMPLAINT

Hearing Official:

Attorney's name:

SERVED BY: H.S.I - 757.868.5833
PERSON FOUND IN CHARGE
CORPORATE CREATIONS NET
**370017-1**

VIRGINIA:

## IN THE CIRCUIT COURT FOR CITY OF FREDERICKSBURG

BERNARD WERWIE, )
        Plaintiff. )
)
)    Case No.: _CL 14 · 365_
v. )
)
CSX CORPORATION )
CSX REAL PROPERTY. INC. )
CSX TRANSPORTATION INC. )
   SERVE: )
   Corporate Creations Network Inc. )
   4445 Corporation Lane, 2nd Floor )
   Virginia Beach, VA 23462 )
THOMAS H. MITCHELL )
   SERVE: )
   614-B Caroline St. )
   Fredericksburg, VA 22401 )
      Defendants. )

## COMPLAINT

COMES NOW the Plaintiff, Bernard Werwie, complaining of the Defendants for

negligence causing the plaintiff harm and in support thereof states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Bernard Werwie, hereinafter Mr. Werwie, is a resident of the Commonwealth

   of Virginia.

2. Defendant, CSX Corporation, is incorporated in the Commonwealth of Virginia and has

   its principal place of business in the State of Florida.

3. Defendant, CSX Real Property, Inc., is incorporated in the Commonwealth of Virginia

   and has its principal place of business in the State of Florida.

1

4. Defendant, CSX Transportation Inc., is incorporated in the Commonwealth of Virginia and has its principal place of business in the State of Florida.

5. Defendant, Thomas H. Mitchell, hereinafter Mr. Mitchell, is a resident of the Commonwealth of Virginia.

6. This action involves circumstances that occurred within the City of Fredericksburg, Virginia.

7. Jurisdiction is proper in the courts of the Commonwealth of Virginia pursuant to Virginia Code section 8.01-328.1.

8. Venue is proper in Fredericksburg, because a substantial part of the events or omissions giving rise to the claim occurred in Fredericksburg.

## FACTS

9. On October 27, 2013 at approximately 12:00 p.m., Mr. Werwie stood on the platform at the Fredericksburg Train Station.

10. The Fredericksburg Train Station is located at 200 Lafayette Blvd., Fredericksburg, VA.

11. Mr. Werwie was on the platform waiting for the Amtrak 11:57 a.m. passenger train from Fredericksburg to Richmond.

12. Mr. Werwie had purchased a one-way ticket.

13. The Amtrak train arrived on the wrong side of the platform.

14. As a result, Mr. Werwie was forced to move to the opposite platform in order to catch his train.

15. Mr. Werwie is blind and relies on a cane and ADA safety protections, such as handrails, to safely navigate.

2

16. Upon learning of the change in departure platforms for his train, Mr. Werwie attempted to reach the proper platform.

17. Using the ADA handrails as his guide, Mr. Werwie left the initial platform and took the pathway leading to the opposite platform.

18. The passage way leading to the opposite platform is a sidewalk that runs under the railroad tracks.

19. There are handrails on both sides of the sidewalk.

20. Mr. Werwie used the handrail to guide him to the new departure platform.

21. While holding on to the handrail with his left hand, Mr. Werwie's face smashed into a metal sign that was placed directly in the path of someone using the handrail.

22. The Defendants own and control the aforementioned sidewalk and passageway and are responsible for its maintenance.

23. The Defendants had actual knowledge of the placement of the sign.

24. The Defendants failed to take any action to relocate or modify the sign so as not to impede the path of patrons using the ADA handrail.

25. The Defendants failed to take any action to warn guests of the dangerous condition.

26. The metal street sign was not visible to Mr. Werwie.

27. The improper placement of the metal sign created an unsafe condition.

28. The Defendants did not warn Mr. Werwie at any time of the hazard.

29. As a paying passenger, Mr. Werwie is best characterized as an invitee.

30. As an invitee, Mr. Werwie had the right to assume the premises were reasonably safe for his visit.

3

31. It was foreseeable to a reasonable person in the Defendants' position that an invitee in the Mr. Werwie's position would be unable to avoid smashing into the metal street sign.

32. Mr. Werwie suffers from a congenital defect that caused blindness.

33. As a result of a successful Boston Keratoprosthesis, Mr. Werwie's acuity in his left eye was 20/200. However, following the accident, Mr. Werwie's acuity in his left eye was 20/400 and is continuing to decline.

34. The defendants did not warn Mr. Werwie of the dangerous placement of the sign before he was invited to the Defendants' premises.

35. The Defendants likewise took no steps to relocate or modify the aforementioned sign in order to make the passageway safe for all patrons.

36. As a direct and proximate result of the Mr. Werwie's head smashing into an improperly placed metal sign, he suffered a severe eye injury.

## COUNT 1: ORDINARY NEGLIGENCE

37. Plaintiff hereby adopts and incorporates by reference the allegations set forth in paragraphs 1 through 36 herein.

38. At all times relevant herein, the plaintiff was an invitee on the defendants' property as the plaintiff was a paying passenger, and the defendants benefited financially from the presence of paying passengers.

39. Because the plaintiff was an invitee on the defendants' property, the defendants were under a duty to use ordinary care to have the premises in a reasonably safe condition for the plaintiff's use and to use ordinary care to warn invitees such as the plaintiff of any unsafe condition about which the occupant knows, or by the use of ordinary care should know.

4

40. Because the defendants failed to install the metal sign in a location and in a manner in which it would not interfere with the reasonable use of the ADA handrail, the defendants failed to exercise ordinary care to make the property reasonably safe for the plaintiff's visit.

41. But for the existence of the improper placement of the metal sign and the defendant's failure to warn the plaintiff of the danger of the sign, the plaintiff would not have suffered the injuries he suffered while using the ADA handrail on the day of his visit to the Fredericksburg Train Station.

42. As a direct and proximate result of the plaintiff's face smashing into an improperly located metal sign, the plaintiff suffered severe injury.

43. The plaintiff has incurred a significant number of medical expenses as a direct and proximate result of the injuries he suffered due to the defendants' negligence.

### JURY TRIAL DEMANDED

44. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff respectfully prays that this Court award him judgment against the defendants of compensatory damages in the amount of $1,000,000, pre-judgment interest, his costs expended herein, and other damages as this court deems just and proper.

BERNARD WERWIE

By: _____
            Of counsel

5

David P. Morgan (VSB #70211)
Michael A. Perdue (VSB #85960)
Cravens & Noll, P.C.
9011 Arboretum Parkway, Suite 200
Richmond, VA 23236
(804)330-9220
(804)330-9458 Facsimile

VIRGINIA

IN THE CIRCUIT COURT FOR THE CITY OF FREDERICKSBURG

BERNARD WERWIE,

    Plaintiff,

v.                            Case No.: 14-365

CSX CORPORATION
CSX REAL PROPERTY, INC.
CSX TRANSPORTION, INC.

and

THOMAS H. MITCHELL,

    Defendants.

### DEMURRER

COMES NOW Defendant, Thomas H. Mitchell, by counsel and in and for his demurrer to the Complaint filed herein states the following:

1. The Complaint fails to state a cause of action for which relief can be granted against Defendant, Thomas H. Mitchell.

2. The Complaint fails to set forth sufficient facts to establish a legal duty on behalf of Defendant, Thomas H. Mitchell, to Plaintiff and further fails to set forth circumstances that would create a breach of a legal duty to impose responsibility.

3. The Complaint is inadequate at law, overly vague and insufficient to create a cause of action for negligence under Virginia Law.

4. The Complaint fails to allege any act or omission on the part of Defendant that could create a tort under Virginia Law.

WHEREFORE, for the foregoing reasons, Defendant, Thomas H. Mitchell, by

counsel, moves this Honorable Court to sustain the Demurrer and to dismiss the cause

of action against him with prejudice and all just other relief this Court deems

appropriate.

THOMAS H. MITCHELL
By Counsel

BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.
3920 University Drive
Fairfax, Virginia 22030
(p) 703-385-1000
(f) 703-385-1555
sbancroft@bmhjlaw.com

Steven W. Bancroft, Esquire
VSB #: 18447
Counsel for Defendant, Thomas H. Mitchell

## CERTIFICATE OF MAILING

I hereby certify that a true copy of the foregoing Demurrer was faxed and mailed, postage prepaid, on this 10th day of June, 2014 to:

David P. Morgon, Esquire
Michael A. Perdue, Esquire
Cravens & Noll, P.C.
9011 Arboretum Parkway
Suite 200
Richmond, VA 23236
Facsimile: 804-330-9458

CSX Corporation
CSX Real Property, Inc.
CSX Transportation, Inc.
c/o Corporate Creations Network, Inc.
    4445 Corporation Lane, 2nd floor
    Virginia Beach, VA 23462

Steven W. Bancroft

# IN THE CIRCUIT COURT FOR THE CITY OF FREDERICKSBURG

BERNARD WERWIE,                    )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )        At Law No: CL14-365
                                   )
CSX CORPORATION                    )
CSX REAL PROPERTY INC.             )
CSX TRANSPORTATION INC.            )
                                   )
AND                                )
                                   )
THOMAS H. MITCHELL,                )
                                   )
        Defendants.                )

## DEFENDANTS' DEMURRER AND ANSWER

The Defendants, CSX Real Property Inc., CSX Transportation Inc. and CSX Corporation (Collectively "Defendants"), by counsel, for their Demurrer and Answer to the Complaint of the Plaintiff, Bernard Werwie ("Plaintiff"), state as follows:

## DEMURRER

Defendants request that this Court dismiss Plaintiff's Complaint, in whole or in part, on the following grounds:

1.      Virginia law does not impose upon Defendants any of the duties alleged in Plaintiff's Complaint.

2.      Plaintiff fails to allege facts establishing any duty owed by Defendants to Plaintiff at the location described in Plaintiff's Complaint where the incident allegedly occurred.

3.      Plaintiff fails to allege facts establishing that Defendants breached any duty owed to Plaintiff at the location described in Plaintiff's Complaint where the incident allegedly occurred.

4.   Plaintiff fails to allege facts establishing that Defendants are responsible for the damages suffered by Plaintiff.

5.   Plaintiff's Complaint fails to allege sufficient facts to support any of his claims that Defendants acted negligently in the installation of the allege sign that is the subject of Plaintiff's Complaint.

6.   Plaintiff's Complaint fails to allege facts that Defendants had any knowledge of an unsafe condition about which Plaintiff's sues upon.

7.   Plaintiff's Complaint illustrates that Plaintiff was the sole proximate cause of his injuries, that Plaintiff was contributorily negligent as a matter of law, and thus, Plaintiff's Complaint fails to state a claim for which Virginia law provides relief.

8.   Plaintiff's Complaint illustrates that the sign that is the subject of Plaintiff's complaint was an open and obvious condition as a matter of law, and thus, Plaintiff's Complaint fails to state a claim for which Virginia law provides relief.

9.   Plaintiff's Complaint fails to state any claim against Defendants upon which relief may be granted under Virginia law.

10.   Plaintiff's claims may be barred in whole or in part by the doctrine of preemption and therefore fails to state a claim upon which relief can be granted.

WHEREFORE, for the reasons stated herein and within any memorandum of law in support of Defendants' Demurrer, Defendants respectfully request that the Court sustain their Demurrer to Plaintiff s Complaint, dismiss the Complaint with prejudice, and grant any such further relief as the Court deems just.

## ANSWER

Defendants file this Answer in response to Plaintiff's Complaint, and state as follows:

## PARTIES, JURISDICTION AND VENUE

1.      Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 1 of the Complaint, and therefore deny same.

2.      With regard to paragraph 2 of the Complaint, Defendants admit the allegations contained therein.

3.      With regard to paragraph 3 of the Complaint, Defendants admit the allegations contained therein.

4.      With regard to paragraph 4 of the Complaint, Defendants admit the allegations contained therein.

5.      Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 5 of the Complaint, and therefore deny same.

6.      Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 6 of the Complaint, and therefore deny same.

7.      The allegations set forth in paragraph 7 are jurisdictional allegations, to which no answer is required.  To the extent an answer is deemed required, Defendants deny the allegations set forth in paragraph 7 and demand strict proof thereof.

8.      The allegations set forth in paragraph 8 are jurisdictional allegations, to which no answer is required.  To the extent an answer is deemed required, Defendants deny the allegations set forth in paragraph 8 and demand strict proof thereof.

## FACTS

9.      Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 9 of the Complaint, and therefore deny same.

10.     With regard to the allegations contained in paragraph 10, Defendants admit a train station is located at 200 Lafayette Blvd., Fredericksburg, VA. To the extent there are remaining allegations contained in paragraph 10, Defendant deny same.

11.     Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 11 of the Complaint, and therefore deny same.

12.     Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 12 of the Complaint, and therefore deny same.

13.     Defendants deny the allegations contained in paragraph 13 and demands strict proof thereof.

14.     Defendants state that the allegations contained in paragraph 14 are vague and ambiguous and therefore deny same.

15.     Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 15 of the Complaint, and therefore deny same.

16.     Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 16 of the Complaint, and therefore deny same.

17.     Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 17 of the Complaint, and therefore deny same.

18.     Defendants admit that there is a passageway running beneath the tracks at the train station located at 200 Lafayette Blvd., Fredericksburg, VA. To the extent there are remaining

allegations contained in paragraph 18, Defendants state that they are vague and ambiguous and therefore deny same.

19.     Defendants admit that handrails exist within portions of the passageway described in paragraph 18 of Defendants' Answer. To the extent there are remaining allegations contained in paragraph 19 of the Complaint, Defendants state that the allegations contained therein are vague and ambiguous and therefore deny same.

20.     Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 20 of the Complaint, and therefore deny same.

21.     Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 21 of the Complaint, and therefore deny same.

22.     Defendants state that the allegations contained in paragraph 22 are vague and ambiguous and therefore deny same.

23.     Defendants state that the allegations contained in paragraph 23 are vague and ambiguous and therefore deny same.

24.     Defendants deny the allegations contained in paragraph 24 and demand strict proof thereof.

25.     Defendants deny the allegations contained in paragraph 25 and demand strict proof thereof.

26.     Defendants deny the allegations contained in paragraph 26 and demand strict proof thereof.

27.     Defendants deny the allegations contained in paragraph 27 and demand strict proof thereof.

28.     Defendants deny the allegations contained in paragraph 28 and demands strict proof thereof.

29.     Paragraph 29 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 29.

30.     Paragraph 30 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 30.

31.     Paragraph 31 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 31.

32.     Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 32 of the Complaint, and therefore deny same.

33.     Defendants are without sufficient knowledge to admit or deny the allegations contained in paragraph 33 of the Complaint, and therefore deny same.

34.     Defendants deny the allegations contained in paragraph 34 and demand strict proof thereof.

35.     Defendants deny the allegations contained in paragraph 35 and demand strict proof thereof.

36.     Defendants deny the allegations contained in paragraph 36 and demand strict proof thereof.

## COUNT 1: ORDINARY NEGLIGENCE

37.    As Plaintiff re-alleges and incorporates Paragraphs 1 through 36 in Paragraph 37 of the Complaint, Defendants reiterate their prior responses to same, as set forth above.

38.    Paragraph 38 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 38.

39.    Paragraph 39 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 39.

40.    Paragraph 40 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 40.

41.    Paragraph 41 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 41.

42.    Paragraph 42 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations in paragraph 42.

43.    Defendants deny the allegations contained in paragraph 43 and demand strict proof thereof.

44.    Paragraph 44 does not contain any allegations to which a response is required.

## ADDITIONAL RESPONSES

1.    Defendants deny violating any federal or state laws or regulations or otherwise breaching any duty owed to Plaintiff, causing any harm to Plaintiff, or otherwise having any responsibility for the damages he alleges.

2.    Defendants deny any and all allegations of Plaintiff's Complaint not expressly admitted herein and demand strict proof of each and every such allegation in the Complaint.

3.    Defendants deny that Plaintiff is entitled to the relief he requests in the unnumbered first and last paragraphs of the Complaint, or to any relief of any kind.

## AFFIRMATIVE DEFENSES

1.    In addition to any defenses specifically referenced herein, Defendants reserve the right to, and may, rely upon any other defenses, whether affirmative or otherwise, that may be available to them presently or up to and including the date of any trial, whether at law or in equity, including, but not limited to, the following defenses: failure to state a claim; this matter is barred by the statute of limitations and/or a prior release; contributory negligence; open and obvious condition; sudden emergency; the last clear chance doctrine; assumption of risk; failure to mitigate damages; existence of pre-existing conditions; subsequent intervening accidents and/ or injuries; negligence of others; etc. To that end, Defendants reserve the right to plead such defenses in mitigation or in bar to Plaintiff's claim at any time, up to and including the date of any trial of this case.

2.    Defendants affirmatively allege that the injuries and damages alleged by Plaintiff, if any, may have been caused, either in whole or in part, by the negligence of Plaintiff which negligence was either the sole proximate cause of the alleged accident/ injuries, or which was at least a proximate contributing cause of the alleged accident/ injuries, either of which bars any recovery by Plaintiff against Defendants.

3.    Defendants affirmatively allege that the negligence of persons or entities over whom these answering Defendants had no control or right of control at the time of the alleged incident described in Plaintiff's Complaint was, or may have been, the sole proximate cause, or at least a proximately contributing cause of the alleged accident and of Plaintiff's alleged injuries.

4.      Defendants affirmatively allege that any condition which may have resulted or caused the alleged incident described in Plaintiff's Complaint was open and obvious.

5.      Defendants deny any negligence whatsoever on its part and deny that it is liable to the Plaintiff. To the extent that there is any liability against the co-defendant, Thomas H. Mitchell, for Plaintiff's alleged damages, Defendants state that such liability is due to the acts and/or omissions of that co-defendant or third-parties over which Defendants had no control.

6.      Defendants again deny that they were guilty of any negligence whatsoever, but states that if they were guilty of any negligence which was a cause of the injuries alleged, Plaintiff was or may have been guilty of contributory negligence.

7.      Defendants deny that they are indebted to the Plaintiff in any amount whatsoever.

8.      Defendants state that the Plaintiff's claim is barred by the doctrine of assumption of risk.

9.      Defendants state that any actions or inactions by Defendants were not the proximate cause of Plaintiff's alleged damages.

10.     Defendants state that Plaintiff has, or may have, failed to mitigate his damages allegedly resulting from the alleged injury in this case.

11.     Plaintiff's claims may be barred in whole or in part by the doctrine of preemption.

Respectfully Submitted,

CSX CORPORATION
CSX REAL PROPERTY INC.
CSX TRANSPORTATION INC.

By _____
                Of Counsel

C. Stephen Setliff, VSB No. 27882
Eli Jason S. Mackey, VSB No. 84142
Setliff & Holland, P.C.
4940 Dominion Boulevard
Glen Allen, Virginia 23060
Telephone:     (804) 377-1260
Facsimile:     (804) 377-1280
*Counsel for Defendant CSX*

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was mailed, postage pre-paid,

this 17 day of June, 2014 to the following:

David P. Morgon, Esquire
Michael A. Perdue, Esquire
Cravens & Noll, P.C.
9011 Arboretum Parkway
Suite 200
Richmond, VA 23236

Steven W. Bancroft, Esquire
BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.
3920 University Drive
Fairfax, Virginia 22030

Eli Jason S. Mackey, Esquire

# IN THE CIRCUIT COURT FOR THE CITY OF FREDERICKSBURG

BERNARD WERWIE,                                )
                                               )
    Plaintiff,                         )
                                               )
                                               )          **At Law No: CL14-365**
v.                                             )
                                               )
CSX CORPORATION                                )
CSX REAL PROPERTY INC.                         )
CSX TRANSPORTATION INC.                        )
                                               )
AND                                            )
                                               )
THOMAS H. MITCHELL,                            )
                                               )
    Defendants.                        )

## PLAINTIFF'S MOTION TO AMEND COMPLAINT TO ADD NEW PARTY

The plaintiff, Bernard Werwie ("Plaintiff"), by and through counsel, hereby moves this honorable Court for leave to amend its complaint pursuant to Rule 3:16 of the Rules of Supreme Court of Virginia to add National Railroad Passenger Corporation (Amtrak) as a defendant to the above entitled action. In support of its motion, Plaintiff states as follows:

    1.    This lawsuit was filed April 23, 2014, against CSX Corporation, CSX Real Property Inc., CSX Transportation Inc. and Thomas H. Mitchell alleging personal injuries as the result of negligence arising from an incident that took place at a railroad station in Fredericksburg, Virginia.

    2.    Plaintiff has learned that Amtrak is the real party in interest with respect to said defendants and has no objection to being named as a defendant in the above entitled action to protect and defend its interests thereto.

    3.    Rule 3:16 of the Rules of Supreme Court of Virginia provides:

> A new party may be added, on motion of the plaintiff by order of
> the court at any stage of the case as the ends of justice may require.
> The motion, accompanied by a properly executed proposed
> amended complaint, shall be served on the existing parties as

required by Rule 1:12. If the motion is granted, the amended pleading accompanying the motion shall be deemed filed in the clerk's office as of the date of the court's order permitting such amendment and all the provisions of Rule 3:4 shall apply as to the new parties, but no writ tax, clerk's fee or deposit for costs is required. All defendants shall file pleadings in response thereto as required by these Rules unless otherwise ordered by the court.

4.      Defendants will not be prejudiced by the Court granting Plaintiff leave to file the attached Amended Complaint as this case has only been recently served, discovery has just begun, no trial date has been set and no scheduling order entered. Furthermore, good cause exists to allow the Plaintiff to amend his Complaint as requested herein as all Defendants consent to this motion and "leave to amend shall be liberally granted in furtherance of the ends of justice." Va. Sup. Ct. R. 1:8. A copy of the proposed Amended Complaint is attached hereto.

5.      If the Court should grant Plaintiff's motion, Plaintiff will serve the accompanying Amended Complaint on counsel for National Railroad Passenger Corporation, who has agreed to accept service on its behalf.

WHEREFORE, Plaintiff prays that this Court enter an Order granting leave to amend his Complaint to add a new party, National Railroad Passenger Corporation, and amending the style of this matter to reflect Bernard Werwie v. CSX Corporation, CSX Real Property Inc., CSX Transportation Inc., National Railroad Passenger Corporation and Thomas H. Mitchell.

BERNARD WERWIE

_____
Of Counsel

David P. Morgan, Esquire
Michael A. Perdue, Esquire
Cravens & Noll, P.C.
9011 Arboretum Parkway
Suite 200

Richmond, VA 23236
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was mailed postage pre-paid this ____ 1st ____ day of July, 2014, to:

C. Stephen Setliff, VSB No. 27882
Eli Jason S. Mackey, VSB No. 84142
Setliff & Holland, P.C.
4940 Dominion Boulevard
Glen Allen, Virginia 23060
Telephone:    (804) 377-1260
Facsimile:    (804) 377-1280
*Counsel for Defendants CSX*

Steven W. Bancroft, Esquire
BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.
3920 University Drive
Fairfax, Virginia 22030
*Counsel for Thomas Mitchell*

## IN THE CIRCUIT COURT FOR THE CITY OF FREDERICKSBURG

| | |
|---|---|
| BERNARD WERWIE,        ) | |
|          ) | |
|     Plaintiff,        ) | |
|          ) | |
| v.          ) | **At Law No:** CL14-365 |
|          ) | |
| CSX CORPORATION        ) | |
| CSX REAL PROPERTY INC.        ) | |
| CSX TRANSPORTATION INC.        ) | |
|          ) | |
| AND          ) | |
|          ) | |
| THOMAS H. MITCHELL,        ) | |
|          ) | |
|     Defendants.        ) | |

### ORDER

Came this day the Plaintiff, by counsel, and moved this Court for the entry of an Order granting leave to amend his Complaint to add a new party, National Railroad Passenger Corporation (Amtrak).

It appearing Defendants do not object to the Plaintiff's Motion, upon consideration of the Plaintiff's Motion and for good cause shown, the Plaintiff is hereby GRANTED leave to Amend his Complaint as requested herein;

And it is further ADJUDGED, ORDERED and DECREED that National Railroad Passenger Corporation shall be added as a defendant to this suit and the style of this matter be amended to reflect Bernard Werwie v. CSX Corporation, CSX Real Property Inc., CSX Transportation Inc., National Railroad Passenger Corporation and Thomas H. Mitchell.

It is further ADJUDGED, ORDERED and DECREED the responsive pleadings to Plaintiff's original Complaint previously filed herein by the original Defendants shall stand as their responses to Plaintiff's Amended Complaint and said parties need not file any additional

pleadings to either perfect the amendment of the Plaintiff's Complaint or respond to said

Amended Complaint.

And the Clerk of this Court is requested to forward a certified copy of this Order to each

counsel of record.

ENTERED:   *7 / 28 / 2014*

_____

Judge

I ask for this:

_____

David P. Morgan, Esquire
Michael A. Perdue, Esquire
Cravens & Noll, P.C.
9011 Arboretum Parkway
Suite 200
Richmond, VA 23236
*Counsel for Plaintiff*

VIRGINIA:
FREDERICKSBURG CITY CIRCUIT COURT
A COPY TESTE: JEFF SMALL, CLERK

BY: *Heather Auburn* D.C.
DEPUTY CLERK

DATE: *7-29-2014*

Seen and agreed:

_____

C. Stephen Setliff, VSB No. 27882
Eli Jason S. Mackey, VSB No. 84142
Setliff & Holland, P.C.
4940 Dominion Boulevard
Glen Allen, Virginia 23060
Telephone:   (804) 377-1260
Facsimile:   (804) 377-1280
*Counsel for Defendants CSX*

Steven W. Bancroft, Esquire
BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.
3920 University Drive
Fairfax, Virginia 22030
*Counsel for Thomas Mitchell*